UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| FRANTZ PETION,<br>  *Plaintiff,*<br>v.<br>1 BURR ROAD OPERATING COMPANY II, LLC<br>AND SENIOR PHILANTHROPY OF WESTPORT, LLC,<br>  *Defendants.* | Civil No. 3:16cv1993 (JBA)<br><br>December 8, 2017 |

**RULING GRANTING SENIOR PHILANTHROPY'S MOTION TO DISMISS**

Plaintiff Frantz Petion alleges that Senior Philanthropy of Westport, LLC ("Senior Philanthropy") failed to provide him with a reasonable accommodation and subsequently terminated his employment because of his medical disability or perceived disability in violation of Section 46a-60(a)(1) of the Connecticut General Statutes (Count Four), and retaliated against him in violation of both Conn. Gen. Stat. § 31-290a (Count Five) and Conn. Gen. Stat. § 46(a)-60(a)(4) (Count Six).[1] Defendant Senior Philanthropy now moves [Doc. # 35] to dismiss these claims pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). For the reasons that follow, Defendant's Motion is granted.

I. **Background**

On March 17, 2015, Plaintiff filed a complaint with the Connecticut Commission on Human Rights and Opportunities ("CHRO"), naming "Westport Health Care Center" as the respondent, alleging discrimination on the basis of Plaintiff's disability and retaliation against

---

[1] Plaintiff's Complaint alleges identical claims against Defendant 1 Burr Road Operating Company II, LLC ("BROC") in Counts One through Three, which are not addressed in this decision.

Plaintiff for having opposed its discriminatory practices. (*See* Ex. A to Def.'s Mot. to Dismiss.) Specifically, he alleged that Westport Health Care Center violated the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.* and the CFEPA, General Statutes §§ 46a-60(a)(1) and 46a-60(a)(4) as enforced through § 46a-58(a). (*Id.*)

On June 25, 2015, Plaintiff filed his first amended CHRO complaint, naming "Traditions Senior Management aka Westport Health Care" as the respondent, reasserting the allegations from his March 17, 2015 CHRO complaint. (*See* Ex. B to *id.*)

On August 12, 2016 Plaintiff filed a second amended CHRO complaint, this time naming "Traditions Senior Management" as the respondent in the case caption, but also naming "Senior Philanthropy of Westport, LLC" as a "new respondent/party" in the text of the pleading. (*See* Ex. F to Def.'s Mot. to Dismiss.) This complaint alleged that "Senior Philanthropy of Westport, LLC and Traditions Senior Management aided and abetted each other in discriminating against" Plaintiff. (*Id.* ¶ 3.)

On August 22, 2016, the CHRO issued a release of jurisdiction authorizing Plaintiff to commence a civil action against "Westport Healthcare Center" in the Superior Court. (*See* Ex. A to Am. Compl. [Doc. # 34].) Thereafter, Plaintiff initiated this action against both BROC and Senior Philanthropy in Connecticut Superior Court by way of writ, summons, and a complaint, dated November 4, 2016. (*See* Ex. A to Def.'s Notice of Removal [Doc. # 1].) Plaintiff attached the CHRO release of jurisdiction for claims against Westport Healthcare Center ("First Release of Jurisdiction") to his civil complaint. (*See id.*)

On November 28, 2016, the CHRO issued a second release of jurisdiction, authorizing Plaintiff to sue "Traditions Senior Management a/k/a Westport Healthcare Center" ("Second Release of Jurisdiction"). (Ex. G to Def.'s Mot. to Dismiss.) Also on that day, the CHRO issued a

2

third release of jurisdiction, which it styled as a "corrected release," authorizing Plaintiff to sue "Traditions Senior Management And Senior Philanthropy of Westport, LLC" ("Third Release of Jurisdiction"). (*See* Ex. H to *id.*)

BROC removed the Superior Court action to federal court on December 6, 2016.

## II. Discussion

### A. CFEPA Claims

#### 1. 12(b)(1) Standard

"[A] claim is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Morrison v. Nat'l Australia Bank Ltd.*, 547 F.3d 167, 170 (2d Cir. 2008) (quoting *Arar v. Ashcroft*, 532 F.3d 157, 168 (2d Cir. 2008)). "When considering a motion to dismiss pursuant to Rule 12(b)(1), the court must take all facts alleged in the complaint as true and draw all reasonable inferences in favor of plaintiff." *Sweet v. Sheahan*, 235 F.3d 80, 83 (2d Cir. 2000). In response to a motion to dismiss pursuant to Rule 12(b)(1), "[a] plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000).

#### 2. Plaintiff did not Exhaust Administrative Remedies

General Statutes § 46a-100 provides in relevant part:

> Any person who has timely filed a complaint with the Commission on Human Rights and Opportunities in accordance with section 46a–82 and who has obtained a release from the commission in accordance with section 46a–83 or 46a–101, may also bring an action in the superior court for the judicial district in which the discriminatory practice is alleged to have occurred or in which the respondent transacts business.

3

Conn. Gen. Stat. § 46a-100. Section 46a–101 states, in turn, that "[n]o action may be brought in accordance with section 46a–100 unless the complainant has received a release from the commission in accordance with the provisions of this section." Conn. Gen. Stat. § 46a-101.

Thus, a claimant seeking redress under the CFEPA must first pursue administrative remedies before seeking relief in the Superior Court. *See Sullivan v. Bd. of Police Comm'rs of City of Waterbury*, 196 Conn. 208, 215 (1985). "Under [the Connecticut courts'] exhaustion of administrative remedies doctrine, a trial court lacks subject matter jurisdiction over an action that seeks a remedy that could be provided through an administrative proceeding, unless and until that remedy has been sought in the administrative forum. . . . In the absence of exhaustion of that remedy, the action must be dismissed." *Hinde v. Specialized Educ. of Connecticut, Inc.*, 147 Conn. App. 730, 746 (2014) (internal quotation marks omitted). Thus, a CFEPA claim must be dismissed where a plaintiff has failed to obtain a release of jurisdiction from the CHRO authorizing suit against the particular defendant named in the court action. *See id.* at 746-48; *see also Angione v. Sikorsky Aircraft Co.*, No. CV146041931S, 2014 WL 7647708, at *3 (Conn. Super. Ct. Dec. 11, 2014) (citing *Hayes v. Yale–New Haven Hospital*, 82 Conn. App. 58, 59 n. 2 (2004) ("[A] court lacks subject matter jurisdiction over a plaintiff's statutory claims of discrimination if no release of jurisdiction is first obtained from the CHRO before the action is brought.").[2]

For instance, in *Angione v. Sikorsky Aircraft Company* the plaintiff brought an action in state court alleging a CFEPA violation six days before the CHRO issued the plaintiff a release of

---

[2] Unlike a release of jurisdiction from the EEOC, which is a "precondition" for filing a federal action that is subject to equitable tolling, estoppel and waiver, the requirement of obtaining a right to sue letter from the CHRO naming the proper defendant is a jurisdictional requirement that may not be waived even in compelling circumstances. *See Hinde*, 147 Conn. App. at 747.

4

jurisdiction. 2014 WL 7647708 at *3. The court found that the timing of the state court action in relation to the release of jurisdiction was preclusive because the plaintiff failed to comply with the plain language of §§ 46a-100 and 46a-101, and therefore dismissed the plaintiff's complaint for lack of subject matter jurisdiction. *See id.* at *3-5.

It is of no import that Plaintiff had obtained a release of jurisdiction with respect to Westport Healthcare Center before filing the complaint. Courts have consistently found that where a plaintiff has obtained a release for his or her discrimination claim from the CHRO, but failed to include a particular defendant in the CHRO complaint (and where, by extension, the particular defendant is not named in the release of jurisdiction), they lack subject matter jurisdiction over the claims as to the unnamed defendant. *See, e.g., Hinde*, 147 Conn. App. at 745- 48; *Jamilik v. Yale University*, No. 3:06–CV–0566 (PCD), 2007 WL 214607, at *5 (D. Conn. Jan. 25, 2007).

Here, as noted above, Plaintiff did not obtain his release of jurisdiction from the CHRO for claims against Senior Philanthropy until November 28, 2016—after he filed this action naming Senior Philanthropy as a defendant on November 4, 2016. Having not received the required release of jurisdiction until *after* he filed his lawsuit, he had not properly exhausted his administrative

remedies.[3] Thus, the Court lacks subject matter jurisdiction over Plaintiff's CFEPA claims against Senior Philanthropy in Counts Four and Six and they must be dismissed.[4]

### B. Worker's Compensation Claim

#### 1. 12(b)(6) Standard

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Although detailed allegations are not required, a claim will be found facially plausible only if "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Conclusory allegations are not sufficient. *Id.* at 678–79; *see also* Fed. R. Civ. P. 12(b)(6).

#### 2. Plaintiff Fails to Allege he was Employed by Senior Philanthropy

Plaintiff alleges in Count Five that, in violation of Section 31-290a, Senior Philanthropy terminated his employment "because he was injured in the course of his employment because he exercised or attempted to exercise his rights under the Workers' Compensation statute, and/or to

---

[3] Plaintiff baldly asserts that he "obtained a Release of Jurisdiction against Senior Philanthrophy [*sic*] and then . . . filed a motion for leave to amend his complaint to properly assert his allegations against Senior Philanthrophy [*sic*]." However, this ignores the fact that Plaintiff had already named Senior Philanthropy in his initial state court complaint, and that Plaintiff sought to amend the Complaint "for the sole purpose of including the receipt of an additional Release of Jurisdiction that was received after the initial Complaint" was filed. (Pl.'s Mot. to Amend Compl. [Doc. # 30].)

[4] Because the Court does not have jurisdiction, it does not address Senior Philanthropy's other arguments for dismissal.

prevent him from claiming benefits under the Workers' Compensation statute." (Am. Compl. ¶ 14 at 6.) That Section states:

> [n]o employer who is subject to the provisions of this chapter shall discharge, or cause to be discharged, or in any manner discriminate against any employee because the employee has filed a claim for workers' compensation benefits or otherwise exercised the rights afforded to him pursuant to the provisions of this chapter.

Conn. Gen. Stat. § 31-290a. Relatedly, an "employer" is any company "within the state using the services of one or more employees for pay." Conn. Gen. Stat. § 31-275 (emphasis added).

Here though, Plaintiff never alleges Senior Philanthropy, as opposed to BROC, employed him at all. Rather, he alleges he was told by BROC "that Defendant [Senior Philanthropy] was not going to continue to retain him [as] an employee due to his work injury and resultant disability." (Am. Compl. ¶ 13.) Accordingly, based on the plain language of the statute alone, Plaintiff cannot plausibly state a claim of retaliation under Section 31-290a and thus Count Five must be dismissed.[5]

---

[5] Plaintiff's only response is that "the extent of Senior Philanthrophy's [sic] involvement in the failure to rehire/terminate Plaintiff is a matter for discovery - not a motion to dismiss." He claims that "[i]t is too early in the ligation to determine what type of role Senior Philanthrophy [sic] played in failing to/terminating the Plaintiff, and whether or not the Plaintiff was actually an employee when that decision was made." (Pl.'s Opp'n at 7.) However, Plaintiff was required to plausibly allege his 31-290a claim and because he has not, the claim is properly dismissed at the pleadings stage. *See Twombly*, 550 U.S. at 570; *Iqbal*, 556 U.S. at 678.

**III. Conclusion**

For the foregoing reasons, Defendant Senior Philanthropy's Motion to Dismiss is GRANTED.

IT IS SO ORDERED.

_____/s/_____
Janet Bond Arterton, U.S.D.J.


Dated at New Haven, Connecticut this 8th day of December 2017.