IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

------------------------------------------------------------X
:
FRANTZ PETION, :
    Plaintiff : 16 CV 1993 (JBA)
v. :
:
1 BURR ROAD OPERATING :
COMPANY II, LLC : DECEMBER 15, 2017
:
------------------------------------------------------------X

## RULING ON DEFENDANT 1 BURR ROAD OPERATING COMPANY II, LLC's MOTION TO COMPEL (Dkt. #71)

On November 7, 2016, plaintiff commenced this employment discrimination action against defendant 1 Burr Road Operating Company II, LLC ["BROC"] and Senior Philanthropy of Westport, LLC ["SPW"] in the Superior Court for the Judicial District of Waterbury; this action was removed to this court on December 6, 2016 by defendant BROC. (Dkt. #1). On March 1, 2017, plaintiff filed an Amended Complaint (Dkt. #34), in which he asserts the following six counts: disability discrimination in violation of CONN. GEN. STAT. § 46(a)-60(a)(1) against defendant BROC (Count One); retaliation in violation of CONN. GEN. STAT. § 31-290a against defendant BROC (Count Two); retaliation in violation of CONN. GEN. STAT. § 46(a)-60(a)(4) against defendant BROC (Count Three); and the same three allegations against defendant SPW (Counts Four-Six). Nine days later, defendant SPW filed a Motion to Dismiss the three counts asserted against it (Dkt. #35; see also Dkts. ##37-38, 49, 53, 56, 58, 60-61), and on December 8, 2017, U.S. District Judge Janet Bond Arterton granted SPW's motion. (Dkt. #104).

On October 24, 2017, defendant BROC filed the pending Motion to Compel with

exhibits in support (Dkt. #71),[1] and the next day, this motion was referred to this Magistrate Judge. (Dkt. #74; see also Dkt. #94).[2] On November 16, 2017, plaintiff filed his brief in opposition. (Dkt. #80[3]; see Dkts. ##78-79, 81-82). Discovery is scheduled to close in this case on February 2, 2018, and the dispositive motions are due by March 2, 2018. (Dkt. #105).

For the reasons stated below, defendant BROC's Motion to Compel (Dkt. #71) is granted in part and denied in part.

---

[1]Attached to defendant's Motion are the following exhibits: copy of correspondence between counsel, dated May 5, 2017 along with Defendant 1 Burr Road Operating Company II, LLC's First Set of Interrogatories and Requests for Production Directed to Plaintiff, and Notice of Plaintiff's Deposition for August 4, 2017, both dated May 5, 2017 (Exh. 1); copy of correspondence between defense counsel and plaintiff, dated June 14 and June 15, 2017 (Exhs. 2-3); copy of correspondence between counsel, dated July 25, 2017, with copy of Defendant 1 Burr Road Operating Company II, LLC's Re-Notice of Plaintiff's Deposition for August 28, 2017, dated July 25, 2017 attached (Exh. 4); copy of email correspondence between counsel, dated July 25, August 2, 3 7,8 and 9, 2017 (Exh. 5); copy of email correspondence between counsel, dated August 15 and 16, 2017 (Exh. 6); copy of email correspondence between counsel, dated August 7, 8, 14 and 21, 2017 (Exh. 7); copy of email correspondence between counsel, dated August 23, 24 and 28, 2017 (Exh. 8); copy of Plaintiff's Responses to the Defendant 1 Burr Road Operating Company II, LLC's First Set of Interrogatories and Requests for Production Directed to Plaintiff, dated August 28, 2017 (Exh. 9); copy of email correspondence between counsel and the Court, dated August 23, 2017, and between counsel, dated August 24, 28, 29 and 30, 2017 (Exh. 10); copy of email correspondence between counsel, dated September 12, 2017, along with a copy of Defendant 1 Burr Road Operating Company II, LLC's Second Re-Notice of Plaintiff's Deposition, dated September 12, 2017 (Exh. 11); copy of email correspondence between counsel, dated September 12, 26 and 27, 2017 (Exh. 12); copy of email correspondence between counsel, dated September 12, 26 and 27, 2017, along with a copy of correspondence from defense counsel, dated September 27, 2017 with Defendant 1 Burr Road Operating Company II, LLC's Third Re-Notice of Plaintiff's Deposition for October 24, 2017, dated September 27, 2017 attached (Exh. 13); copy of email correspondence between counsel, dated September 27, 2017 and October 2, 2017 (Exh. 14); copy of email correspondence from plaintiff's counsel, dated October 4, 2017 (Exh. 15); copy of email correspondence between counsel, dated September 12 and 26, and October 12, 16 and 18, 2017 (Exh. 16); copies of email correspondence between counsel, dated October 23, 2017 (Exhs. 17-18); and affidavit of defendant BROC's counsel, sworn to October 24, 2017 (Exh. 19).

[2]Familiarity with this Magistrate Judge's involvement in this file is presumed. (See Dkts. ##47, 67-69, 74,78-79, 81-82, 87, 89-90, 94-97, 99-103, 105).

[3]Attached to plaintiff's brief in opposition is a copy of his Damages Analysis. Plaintiff's Damages Analysis bears the feminine pronoun, but includes plaintiff's name in the header; thus, the Court presumes this Damages Analysis applies to this plaintiff.

2

I. BACKGROUND

On December 11, 2017, this Magistrate Judge issued an order on defendant's Motion to Complete Plaintiff's Deposition Outside of the Discovery Period and Extend the Summary Judgment Deadline, and on plaintiff's Third Motion for Extension of Time to Complete Discovery, granting in part both motions such that all depositions and discovery shall be completed on or before February 2, 2018, and all dispositive motions shall be filed on or before March 2, 2018. (Dkt. #105 ["December 11, 2017 Order"]).[4] Accordingly, in light of the December 11, 2017 Order, defendant BROC's pending motion is moot to the extent that it seeks to compel plaintiff to appear for his deposition in November, and the to the extent it seeks to extend the summary judgment deadline. (Dkt. #71, at 2, 7-8). The remaining issue for the Court is the production of responses to defendant BROC's discovery requests. (Id. at 2).

On May 5, 2017, defendant BROC served on plaintiff its First Set of Interrogatories and Requests for Production. (Dkt. #71, at 2 & Exh. 1). Twelve days later, plaintiff filed a notice of pro se appearance (see Dkt. #44), and the next day, the Court granted plaintiff's prior counsel's motions to withdraw. (Dkt. #45; see also Dkt. #71, at 2-3) Shortly thereafter, plaintiff informed defense counsel that he would not produce his responses to defendant's discovery requests until he hired a new lawyer. (Dkt. #71, at 3 & Exh. 3). On June 23, 2017, defendant BROC filed a Motion to Compel responses to its discovery requests (Dkt. #47), and on July 10, 2017, plaintiff's current counsel filed an appearance on plaintiff's behalf. (Dkt. #48; see also Dkt. #71, at 3). On August 17, 2017, plaintiff filed a response

---

[4]As stated in the December 11, 2017 Order, plaintiff's deposition went forward on November 17, 2017, after such deposition had been noticed six different times, and at the conclusion of that day, counsel agreed that plaintiff would appear for a continued deposition outside of what was then the discovery deadline of December 1, 2017. (At 1).

to that Motion to Compel, in which he stated that he was in the process of responding, which he expected to be completed by August 18, 2017. (Dkt. #71, at 3-4; Dkt. #57; see also Dkts. ##51, 53, 55). On August 21, 2017, without having served his responses on August 18, 2017 as promised, plaintiff's counsel requested a postponement of plaintiff's deposition, and two days later, informed the Court that he planned to serve his responses to the discovery requests that day. (Dkt. #71, at 4 & Exhs. 7-8, 10). On August 28, 2017, plaintiff's counsel produced plaintiff's discovery responses. (See Dkt. #71, at 4 & Exh. 9; Dkt. #80, at 1; see also Dkt. #71, Exh. 8). Thereafter, on September 12, 2017, counsel discussed deficiencies in plaintiff's discovery responses (Dkt. #71, at 5), however, plaintiff's counsel did not respond to additional attempts by defense counsel to discuss the outstanding discovery. (Id. at 5-6 & Exhs. 12, 14, 16). Defendant now moves to compel responses to Interrogatory Nos. 1, 6, 9, 10, 12 and 14, and responses to Requests for Production Nos. 12 and 23. (Dkt. #71, at 8-14).

A. INTERROGATORY NO. 1

In Interrogatory No. 1, defendant seeks background information relating to plaintiff's work history from January 1, 2007 to the present. (Dkt. #71, at 8-10 & Exh. 9 at 1-2).[5] Plaintiff objects to this Interrogatory on grounds that it is "vague, ambiguous, overly broad, not limited in scope or relevance and not reasonably calculated to lead to the discovery of admissible evidence[,]" and plaintiff responds that he was employed with defendant until December 31, 2014. (Id.; see Dkt. #80, at 3, n.1). Defendant contends that this

---

[5]Defendant is correct that plaintiff did not file a timely response to these discovery requests as required by Federal Rule of Civil Procedure 33. See FED. R. CIV. P. 33(b)(the responding party must serve its answers and objections within 30 days after being served). However, as recited above, defendant served its discovery on May 5, 2017, after which plaintiff filed a pro se appearance, and then current counsel filed his appearance in July. (Dkt. #48).

interrogatory seeks information relating to plaintiff's work history which is relevant to his alleged damages and the mitigation thereof. (Dkt. #71, at 10). In his Damages Analysis, plaintiff seeks lost wages from December 31, 2014 to the present. (Dkt. #80, Exh.). Accordingly, to the extent defendant seeks information about work history prior to the period for which plaintiff is seeking damages, defendant's request is overly broad. **On or before January 2, 2018**, plaintiff shall supplement his response to provide information, if any, relating to his work history from December 31, 2014 through the present.

B. INTERROGATORIES NOS. 6 & 10

In Interrogatory No. 6, defendant seeks a description, in detail, of the nature, category and amount of damages plaintiff seeks in this action, "stating separately and with particularity specific dollar amounts, the amounts of damages [plaintiff is] claiming for lost income, salary and benefits (and the precise method concerning how [plaintiff] calculated those damages)." (Dkt. #71, at 10-11 & Exh. 9 at 4). Similarly, in Interrogatory No. 10, defendant seeks the source, amount, and date of receipt of all "remuneration, earnings, property (real or personal), funds and/or other monies" plaintiff has applied for, received, was eligible for, or accepted from January 1, 2014 to the present. (Dkt. #71, at 10-11 & Exh. 9 at 5). Plaintiff has served his Damages Analysis (Dkt. #80, Exh.) in which he itemized his lost wages, legal fees, and compensatory damages, less his unemployment compensation. Accordingly, defendant's request to compel responses to Interrogatory Nos. 6 and 10 is **denied as moot**.

C. INTERROGATORIES NOS. 9 & 12

In Interrogatory No. 9, defendant seeks information concerning plaintiff's social media presence, including "all social networking sites . . . [plaintiff has] used since January 1, 2007, including the period of time" each site was used, "the username used on such site, and the

URL address associated with [plaintiff's] personal page for each social networking site . . . used." (Dkt. #71, at 11-12 & Exh. 9 at 5). In Interrogatory No. 12, defendant seeks the identification of all URL addresses through which plaintiff conducts business selling his artwork. (Dkt. #71, at 11-16 & Exh. 9 at 6). Plaintiff objects to theses requests on grounds that defendant is on a "[ten] year fishing expedition," and defendant has not "explain[ed] the good faith reason to obtain the requested information[.]" (Dkt. #80, at 6). Defendant asserts that these responses "would allow BROC to review [plaintiff's] public internet presence for any information relevant to his legal claims, damages claims (including with respect to his alleged emotional distress), and its defenses." (Dkt. #71, at 12). Additionally, defendant argues that it "seeks only the username and/or URL addresses, not the content of any privately-maintained information[.]" (Id.).

Courts have permitted the discovery of social media account information that may reflect a "plaintiff's emotional or mental state, [the plaintiff's] physical condition, activity level, employment, this litigation, and the injuries and damages claimed." Reid v. Ingerman Smith, LLP, No. CV-201-0307(ILG)(MDG), 2012 WL 6720752, at *1 (E.D.N.Y. Dec. 27, 2012)(Go, MJ)(internal quotations & citation omitted); see also Caputi v. Topper Realty Corp., No. 14 CV 2634(JFB)(SIL), 2015 WL 893663, at *5-8 (E.D.N.Y. Feb. 25, 2015)(Locke, MJ). See generally Marsteller v. Butterfield 8 Stamford LLC, No. 14 CV 1371 (AWT), 2017 WL 5769903, at *3-4 (D. Conn. Nov. 27, 2017)(Merriam, MJ); Silva v. Dick's Sporting Goods, Inc., No. 14 CV 580 (WWE), 2015 WL 1275840, at *2 (D. Conn. Mar. 19, 2015)(Garfinkel, MJ). In this case, defendant does not seek privately maintained information, thereby not implicating plaintiff's broader privacy concerns. See Marsteller, 2017 WL 5769903, at *4 (requiring social media passwords constitutes a "wholesale invasion of . . . privacy[]"); see also Giacchetto v. Patchogue-Medford Union Free Sch. Dist., 293 F.R.D. 112, 115-16

(E.D.N.Y. 2013)(Tomlinson, MJ)(limiting the disclosure of some social media posts, but denying "unfettered access to [p]laintiff's social networking history . . . simply because [p]laintiff has a claim for emotional distress damages[]").[6] Defendant's limited request for a list of social media sites and the usernames he has used as well as the URLs of sites he has used to sell his artwork relate to discovery of information relevant to plaintiff's legal claims, his damages claims, particularly with respect to his alleged emotional distress, and defendant's defenses, and do not infringe on plaintiff's privacy interests as defendant is not seeking the contents on these social media websites.[7] Accordingly, plaintiff shall serve his responses **on or before January 2, 2018**.

D. INTERROGATORY NO. 14

In Interrogatory No. 14, defendant seeks background educational information, including all schools plaintiff attended, the dates attended, and the degrees, diplomas, certificates or accreditations received. (Dkt. #71, at 12 & Exh. 9 at 7). In response, plaintiff objects on grounds that the request is not reasonably calculated to lead to discoverable evidence, is overly broad, and is not relevant. (Id.). Additionally, plaintiff argues that there is no time frame limitation in this interrogatory, and asserts that such information is irrelevant as this is not a failure to hire case. (Dkt. #80, at 7). While defendant is entitled

---

[6]However, the underlying disclosure of information from social media sites raises additional issues that are not before the Court at this juncture.

[7]See note 6 supra. Additionally, in his Damages Analysis, plaintiff puts his additional source of income at issue in that he seeks "Compensatory Damages/Emotional Distress" for

> emotional pain, suffering, embarrassment, shame, inconvenience, mental anguish, loss of employment of life, impairment of [his] personal and professional reputation, damage[s] caused by the [p]laintiff's loss of saving and investment opportunities, and other pecuniary and non-pecuniary losses suffered by [p]laintiff due to [d]efendant's illegal discrimination and civil rights violations.

(Dkt. #80, Exh.)

to discovery of additional qualifications for plaintiff's potential employment in the future, defendant is aware of plaintiff's qualifications when he was hired. Accordingly, **on or before January 2, 2018**, plaintiff shall provide a description of his education and training, if any, received after he was hired by defendant.

### E. REQUESTS FOR PRODUCTION NOS. 12 & 23

In his brief in opposition, plaintiff states that he will supplement his responses to Requests for Production Nos. 12 and 23. (Dkt. #80, at 7). Thus, to the extent he has not done so already, **on or before January 2, 2018,** plaintiff shall serve his supplemented responses.

### II. CONCLUSION

For the reasons stated above, defendant BROC's Motion to Compel (Dkt. #71) is granted in part and denied in part.

This is not a Recommended Ruling, but a ruling on a non-dispositive motion, the standard of review of which is specified in 28 U.S.C. § 636; FED. R. CIV. P. 6(a) & 72; and Rule 72.2 of the Local Rules for United States Magistrate Judges. As such, it is an order of the Court unless reversed or modified by the District Judge upon timely made objection.

See 28 U.S.C. § 636(b)**(written objections to ruling must be filed within fourteen calendar days after service of same);** FED. R. CIV. P. 6(a) & 72; Rule 72.2 of the Local Rules for United States Magistrate Judges, United States District Court for the District of Connecticut; Impala v. United States Dept. of Justice, No. 15-3055, 2016 WL 6787933 (2d Cir. Nov. 15, 2016)(summary order)(failure to file timely objection to Magistrate Judge's recommended ruling will preclude further appeal to Second Circuit); cf. Small v. Sec'y, H&HS, 892 F.2d 15, 16 (2d Cir. 1989)(failure to file timely objection to Magistrate Judge's recommended ruling may preclude further appeal to Second Circuit).

Dated at New Haven, Connecticut, this 15th day of December, 2017.

                                             /s/ Joan G. Margolis, USMJ
                                             Joan Glazer Margolis
                                             United States Magistrate Judge