UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| FRANTZ PETION,<br>*Plaintiff,*<br>v.<br>SENIOR PHILANTHROPY OF WESTPORT, LLC,<br>*Defendant.* | Civil No. 3:16cv1993 (JBA)<br><br>February 21, 2019 |

**RULING DENYING PLAINTIFF'S MOTION TO AMEND THE JUDGMENT**

Following the Court's granting of Defendant's Motion to Dismiss, (Ruling Granting Senior Philanthropy's Mot. to Dismiss [Doc. # 104] ("the Ruling")), Plaintiff moved for alteration of judgment under Fed. R. Civ. P. 59(e), effectively asking the Court to reconsider its Ruling, (Pl.'s Mot. to Amend [Doc. # 112]). For the reasons that follow, Plaintiff's Motion to Alter or Amend the Judgment is denied.

**I. Background**

The Court presumes the parties' familiarity with the underlying facts and procedural history of Plaintiff's claims, set out in greater detail in the Ruling. Senior Philanthropy moved to dismiss Counts Four, Five, and Six, i.e. all counts named against Senior Philanthropy, (*see* Am. Compl. [Doc. # 34]), of the Amended Complaint. Plaintiff opposed that motion, (Pl.'s Mem. Opp. Def.'s Mot. to Dismiss [Doc. # 62]), which this Court granted in the Ruling on December 8, 2017. Plaintiff then filed the instant Motion to Amend on January 5, 2018.

Counts One, Two, and Three of the Amended Complaint, against Defendant 1 Burr Road Operating Company II, LLC ("BROC"), were later dismissed by stipulation. (Stip. of Dismissal with Prej. [Doc. # 116].)

## II. Discussion

Fed. R. Civ. P. 59(e) permits motions to alter or amend a judgment, which must be filed "no later than 28 days after the entry of judgment." "Rule 59(e) covers a broad range of motions, including motions for reconsideration . . . ." *Assoc. for Retarded Citizens of Conn. v. Thorne*, 68 F.3d 547, 553 (2d Cir. 1995). "The standard for granting such a motion [for reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). The major grounds justifying reconsideration are an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice. *Virgin Atlantic Airways, Ltd v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992).

However, "a motion to reconsider should not be granted where the moving party seeks solely to relitigate an issue already decided." *Thorne*, 68 F.3d at 553. "It is well-settled that Rule 59 is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple'." *Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir. 1998). "Rather, 'the standard for granting [a Rule 59 motion for reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked.'" *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (quoting *Shrader*, 70 F.3d at 257). Novel legal arguments are therefore not a proper basis for reconsideration under Rule 59(e).

Among other arguments, Defendant argues that Plaintiff's Motion "should be denied for the [] reason that it raises arguments that were not previously presented in connection with the

2

Motion to Dismiss." (Def.'s Opp. at 5.) Specifically, Defendant claims that Plaintiff's arguments that its complaint was "viable in light of § 52-592(a)" and that Defendant Senior Philanthropy "could be liable for the conduct of co-defendant 1 Burr Road Operating Company, II, LLC" are new theories which were not raised by Plaintiff in response to Defendant's Motion to Dismiss and are therefore improper grounds for a motion to reconsider. (*Id.*)

Upon review of Plaintiff's opposition to Defendant's Motion to Dismiss, it is clear that Plaintiff then raised neither of the arguments he raises now. Plaintiff's Memorandum does not include any arguments under § 52-592, nor does it argue Senior Philanthropy's liability as a result of its status as a successor company to BROC. (*See generally* Pl.'s Mem. Opp. Def.'s Mot. to Dismiss.)

Plaintiff appears not to dispute that his motion under Rule 59(e) raises new arguments, arguing instead that Rule 59(e) motions may also be granted "to prevent manifest injustice" and urging the Court to consider those new arguments at this stage nonetheless. (Pl.'s Reply [Doc. # 121] at 3.) Plaintiff argues for adoption of the approach of the District Court for the District of Columbia, which held that judgments may be altered under Rule 59(e) to prevent manifest injustice where there is "at least (1) a clear and certain prejudice to the moving party that (2) is fundamentally unfair in light of governing law." *Mohammadi v. Islamic Republic of Iran*, 947 F. Supp. 2d 48, 78 (D.D.C. 2013). However, that same court acknowledged that "under Rule 59(e), 'manifest injustice does not exist where . . . a party could have easily avoided the outcome, but instead elected not to act until after a final order had been entered.'" *Id.* (quoting *Ciralsky v. CIA*, 355 F.3d 661, 671 (D.C. Cir. 2004)).

Moreover, in support of his argument that the Court's Ruling produces manifest injustice, Plaintiff merely reiterates the merits of his claims under § 52-592 and the harms allegedly suffered

3

as a result of Defendant's conduct. (Pl.'s Reply at 4 ("The Plaintiff remains unemployed, unable to find new employment, and has been prejudiced and deprived of the opportunity to pursue his claims against the Defendant Senior Philanthropy, due to a technicality, which he had pursued for years – this is the definition of manifest injustice. Plaintiff has meritorious claims against the Defendant . . .").)

Because the "standard for granting" motions for reconsideration under Rule 59(e) "is strict," *Shrader*, 70 F.3d at 257; because "Rule 59 is not a vehicle for . . . presenting the case under new theories . . . or otherwise taking a 'second bite at the apple'," *Sequa*, 156 F.3d at 144; and in the absence of any "controlling decisions or data" which were presented and which "the court overlooked," *Shrader*, 70 F.3d at 257, the Court declines to revisit its Ruling Granting Defendant's Motion to Dismiss.

### III. Conclusion

For the foregoing reasons, Plaintiff's Motion to Alter or Amend the Judgment [Doc. # 112] is DENIED.

IT IS SO ORDERED.

/s/

Janet Bond Arterton, U.S.D.J.

Dated at New Haven, Connecticut this 21st day of February 2019.